## In re COORDINATED PRETRIAL PROCEEDINGS IN ANTIBIOTIC ANTITRUST ACTIONS.

### Dr. E. J. HOFFERT, D. V. M., et al., Plaintiffs,

### v.

### AMERICAN CYANAMID COMPANY et al., Defendants.

### Nos. 41–71 Civ. 435 and 4–69 Civ. 458.

United States District Court,
D. Minnesota,
Fourth Division.

May 2, 1975.

See also, D.C., 410 F.Supp. 706.

Chestnut, Jones, Brooks, Kennedy & Burkard and Chestnut, Brooks & Burkard, P. A., Minneapolis, Minn., Cochrane & Bresnahan, St. Paul, Minn.,Crane, Martin, Claussen, Hamilton & Barry, Topeka, Kan., Shea, Gould, Climenko, Kramer & Casey, New York City, Beddow, Embry & Beddow, Birmingham, Ala., Jack M. McCann, Waverly, Ohio, Graham

& Graham, Zanesville, Ohio, Ferguson & Burdell, Seattle, Wash., Law Offices of Joseph L. Alioto, San Francisco, Cal., for Hoffert Committee Counsel.

MEMORANDUM APPROVING ALLOWANCE AND DISALLOWANCE OF CLAIMS; APPROVING FINAL PLAN OF DISTRIBUTION; AND ALLOWING ATTORNEYS' FEES

MILES W. LORD, District Judge.

This matter comes before the Court upon application of the Hoffert Committee of Counsel for an Order approving the recommended allowance and disallowance of claims and the Committee's recommended plan of distribution. Also before the Court are applications of certain members of the Hoffert Committee of Counsel for attorney's fees.

Pursuant to Order of this Court, notice was sent to each claimant in this class action informing each claimant of the recommended plan of distribution, the amount of the claimant's purchases to be recommended for allowance, and a description of the attorneys' fees requested. Members of the class were invited to appear and object at the hearing on April 18, 1975. None of the class members availed themselves of the opportunity.

The history of this action and the description of the allocation of funds between this action and the *Doughboy Industries, Inc. v. American Cyanamid Company et al.* action (*Doughboy*) is contained in the Court's "Memorandum Approving Plan of Distribution and Attorneys Fees" dated May 1, 1975 (*Doughboy* Opinion).

The plan of distribution in this action is set forth in the Notice and on file with the Court. Costs of administration and attorneys' fees and costs will be deducted. Each claimant class member shall then be paid from the Net Settlement Fund, that part of the Net Settlement Fund representing the ratio of his approved purchases to the total approved purchases by all claimants of the class.

■ There were 1673 claims filed in the Hoffert class representing a total dollar amount of purchases of $38,591,-871.77. These claims were divided into "small," "medium" and "large" claims and treated in the same fashion as the *Doughboy* claims. A detailed description of the claims is on file with the Court and in the Notice sent to each class member. The Court accepts and approves the recommended final plan of distribution as recommended by the Committee.

As stated above, each claimant was informed in the notice of the amount of purchases which the Committee was recommending for acceptance by the Court. No claimant appeared to object to the Committee's recommendation. Any claimant whose claim was reduced by the Committee was given an opportunity to appear before a Special Master pursuant to Order of this Court and Notice. Those who wished to appear before the Master were given a thorough hearing and the Master's recommendations were adopted by the Committee.

The Court is thoroughly familiar with the procedures used in the administration of the settlement and accepts the recommendations for allowance and disallowance of claims of the Hoffert Committee.

■ Eight different law firms filed applications for attorneys' fees in the Hoffert action. The Court is awarding fees to only two of these firms. All of these firms filed applications for fees in the *Doughboy* actions. All of these firms were awarded fees in the *Doughboy* case. Only two of the firms, Cochrane & Bresnahan (Cochrane firm) and Chestnut, Jones, Brooks, Kennedy & Burkard and Chestnut, Brooks & Bruckard, P.A. (Chestnut firm), were actively engaged in representing the Hoffert class and thus deserving of a fee from the class. The other firms were actively engaged in the Doughboy class and have been awarded their fees from that class.

The standards used by the Court in awarding attorneys' fees are discussed in detail in the Doughboy Opinion. The petitions of both the Cochrane firm and the Chestnut firm are also discussed in the Doughboy Opinion. For the reasons set forth in that Opinion and based upon the files, records and briefs before the Court, the Court is awarding the Cochrane firm a fee of $950,000.00 and the Chestnut firm a fee of equal amount. The Court has considered these amounts in awarding the Doughboy fees and has made appropriate adjustments to the fee computations in that class. The totality of the awards can only be understood in conjunction with the fee awards in the Doughboy class.

The Court finds these fees to be reasonable.

The Court congratulates the Cochrane and Chestnut firms for the excellent job they have done in both obtaining and administering the settlement.

See also, D.C., 410 F.Supp. 722.